Robertson, Ch. J.
The order made in this action, which the present motion seeks to vacate, was that the judgment against the defendant Yenni be vacated. The judgment roll and affidavits before me show that the suit was brought against the two defendants, as joint debtors, and that pro *605 cess was served only on the defendant'Wright. The judgment does not profess to be entered upon any appearance for the defendant Tenni, and the notice of appearance . annexed to the roll is only fon his co-defendant Wright. There must be some mistake, therefore, in supposing there was a notice of appearance given for both defendants. If there was, the attorney for Wright has deposed that his authority to appear for Tenni came from Wright alone. If there ever was a partnership between the defendants, upon which I do not undertake to pass; it was dissolved before such notice of appearance (if any) was given, and in such case the attorney who appeared was unauthorized by the defendant not served, and this would have entitled the defendant Tenni to have had any default opened, and to have put in a defense.
The statute (Code, § 136) permits a party to sue persons as joint debtors, and in case of non-service of a summons upon any, to enter a judgment against all the defendants jointly indebted, to be enforced against their joint property. The order how under review, cuts off this right on the part of the plaintiffs, and was evidently made through inadvertence. It must, therefore, be modified, by allowing the judgment to stand against both defendants, but directing the amount recovered to be made of the joint property of both defendants, and the property of the defendant served. As a condition of such amendment, the plaintiffs must pay the costs of this motion, fixed at $10. If they fail-to make such amendment, and pay such costs, the motion must be denied, with like costs.